# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|                                          |     |                          |
|------------------------------------------|-----|--------------------------|
| MICHAEL J. WILLIAMS                       | )   |                          |
|                                          | )   |                          |
|    Plaintiff,             | )   |                          |
| v.                                       | )   | Case No. 4:23-cv-00127-SEP |
|                                          | )   |                          |
| DOLLAR GENERAL CORPORATION[1],           | )   |                          |
|                                          | )   |                          |
|    Defendant.             | )   |                          |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint.  Doc. [11].  For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND[2]

This case arises out of an incident at a Dollar General store in November of 2022.  Pro se Plaintiff Michael J. Williams went to the Dollar General at 622 Washington Avenue, St. Louis, Missouri, to purchase pie crusts for Thanksgiving dinner.  Doc. [1-1] at 5.  When he entered the store, an employee yelled at him, telling him that he could not bring his dog inside.  *Id*.  Plaintiff tried to explain that the dog was his emotional support animal, and it was not wearing a service vest because he had outgrown it.  *Id*.  The employee would not listen and again told Plaintiff he could not shop in the store with his dog.  *Id*.  When Plaintiff did not leave, the employee threatened to call the police and have him escorted from the store.  *Id*.  According to Plaintiff, the employee's conduct "push[ed] me into a dark place where I had suicidal thoughts."  *Id*.  Plaintiff's father complained about Plaintiff's treatment, and the Dollar General store responded by firing the employee and offering Plaintiff a gift card.  *Id*.  On December 19, 2022, Plaintiff filed a document with the 22nd Judicial Circuit Court in Missouri, which stated that he wished to "file a discrimination lawsuit," and that he was seeking "$400,000 in emotional damages." *Id*.  On February 3, 2023, Defendant timely removed the matter to this Court.  Doc. [1].

---

[1] Dollar General Corporation was named as Defendant, but the proper named party is Dolgencorp, LLC.  The Clerk of the Court is instructed to change the name on the docket to reflect this correction.

[2] For purposes of the motion to dismiss, the Court takes the factual allegations in the Complaint, Doc. [1], to be true.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

On March 16, 2023, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff fails to state a claim upon which relief can be granted.  Doc. [11].  Plaintiff did not timely respond to Defendant's motion, and on April 19, 2023, the Court entered an Order directing Plaintiff to show cause why Defendant's motion should not be granted.  Doc. [13].  On May 3, 2023, Plaintiff responded, asking the Court to allow his action to proceed, and indicating for the first time that he not only seeks monetary damages but also asks that all Dollar General employees be ordered to undertake training about ADA compliance.  Doc. [14].

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and construes all reasonable inferences in favor of the nonmoving party.  *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## DISCUSSION

The legal basis for Plaintiff's claim is not entirely clear.  Because he states that he is bringing a "discrimination lawsuit" and describes his attempt to bring an "emotional support dog" into a store, the Court will construe his claim as arising under Title III of the Americans with Disabilities Act, which prohibits discrimination against individuals with disabilities by any person who owns, leases, or operates a place of public accommodation.  *See* 42 U.S.C. § 12182(a).  A person alleging discrimination under Title III must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns or operates a place of public accommodation; (3) the defendant took adverse action against him because of a

disability; and (4) the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without "fundamentally altering" the nature of the public accommodation. *See Woods v. Wills*, 400 F.Supp.2d 1145, 1163 (E.D. Mo. 2005).

**A. Title III of the ADA does not authorize claims for monetary damages.**

Plaintiff seeks $400,000 for emotional damages allegedly caused by the incident at the Dollar General store. Defendant correctly argues that monetary damages are not authorized under Title III of the ADA. It is well established that claims for money damages based on alleged disability discrimination in violation of Title III of the ADA are not available, as injunctive relief is the only remedy provided for under the Act. *See, e.g.*, *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (Title III of the ADA "grants a private right of action for injunctive relief only."). To the extent that Plaintiff seeks monetary damages, then, he fails to state a claim upon which relief may be granted.

**B. Plaintiff does not have standing to pursue the injunctive relief requested.**

As already noted, Plaintiff, in his response to the Court's show cause order, indicates that he not only seeks monetary damages but also asks the Court to order that all Dollar General employees undergo ADA compliance training. *See* Doc. [14]. In reply, Defendant argues that Plaintiff lacks standing to seek such an injunction. *See* Doc. [15] at 4. The Court agrees.

"The Constitution limits federal courts to deciding 'Cases' and 'Controversies,'" and that limitation, "[a]mong other things, . . . requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 142 S. Ct. 1638, 1646 (2022) (quoting U.S. const. art. III, § 2). To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The plaintiff bears the burden of establishing these elements. *See Agred Found. v. U.S. Army Corps of Eng'rs*, 3 F.4th 1069, 1073 (8th Cir. 2021).

When a plaintiff seeks declaratory or injunctive relief, as is the case here, he cannot rely on "past injuries alone" to establish standing. *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1162 (8th Cir. 2019). Because injunctions "cannot conceivably remedy any past wrong," a plaintiff must show that further injury is imminent or that he is likely to suffer the alleged injury again in the future in order to obtain injunctive relief. *Iowa Voter All. v. Black Hawk County*, 515 F. Supp. 3d 980, 993 (N.D. Iowa 2021) (quoting *Steel Co. v. Citizens for a Better Environment*, 523

U.S. 83, 108 (1998).  If the plaintiff cannot make such a showing, he has no standing because his injury is not redressable by a judicial decision.  *Id*.

Here, Plaintiff's request for injunctive relief founders on the redressability element.  He does not allege that he has returned to, or plans to return to, the Dollar General store, or that he has been or is imminently likely to be denied access to the store because of his disability.  And he *does* allege that the employee who discriminated against him no longer works for Defendant. *See* Doc. [14].  Nothing in the pleadings suggests that this was anything more than an isolated incident that will not happen again, or that Plaintiff expects to sustain similar harm in the future. As such, he lacks standing to seek injunctive relief against Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, Doc. [11], is **GRANTED**.

An order of dismissal accompanies this Memorandum and Order.


Dated this 6th day of July, 2023.


_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE